Theodore v. Town of Putnam

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# **<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26<sup>th</sup>day of November, two thousand thirteen.

**PRESENT:**

>**ROBERT D. SACK,**
>**PETER W. HALL,**
>**DEBRA ANN LIVINGSTON,**
>*Circuit Judges*.

_____

**George S. Theodore,**

>*Plaintiff-Appellant*,

>v.                                                                    **12-3889**

**Environment Facilities Corporation,**
**A New York Corporation,**

>*Defendant*,

**Town of Putnam,**
**A New York Municipal Corporation,** *et al.*,

>*Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**    George S. Theodore, *pro se*, Newton, MA (on submission).

**FOR DEFENDANTS-APPELLEES:**    William A. Scott, Glens Falls, NY.

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Young, *J.*; Treece, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant George S. Theodore, a retired attorney proceeding *pro se*, appeals the district court's order dismissing Defendant Environmental Facilities Corporation ("EFC") as a party and the court's judgment in favor of Defendants-Appellees Town of Putnam and Town of Ticonderoga (collectively "the towns") in his diversity action alleging trespass and an unconstitutional taking for the installation of a sewer line across his property. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). With respect to the dismissal of EFC, we affirm because the United States District Court for the District of Massachusetts properly dismissed for failure to state a claim. *See Chaiken v. VV Pub. Corp.*, 119 F.3d 1018, 1026 n.2 (2d Cir. 1997) (holding that this Court had jurisdiction

2

"to review the interlocutory judgment of the United States District Court for the District of Massachusetts entered prior to the transfer of the case to a district court within our jurisdiction and the issuance by that court of a final order").

In reviewing the district court's decision in a bench trial, we review the district court's legal conclusions *de novo* and its findings of fact for clear error. *See L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty.*, 710 F.3d 57, 65 (2d Cir. 2013). With respect to the entry of judgment in favor of the towns, we affirm for substantially the same reasons stated by the district court in its thorough September 13, 2012 oral ruling.

We have considered all of Theodore's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court. The Appellees have moved for sanctions pursuant to Federal Rule of Civil Procedure 11. Upon due consideration, it is further **ORDERED** that the motion for sanctions pursuant to Rule 11 is **DENIED**. *See O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990) ("An appellate court is ill-suited for the delicate, fact-intensive analysis and judgment needed to fashion a proper sanction [under Rule 11], one that will further the purposes behind . . . [R]ule 11 but not unduly or unjustly punish an offender").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3